UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TINA ROBINSON**,

    Plaintiff,

v.                                      Case No. 8:24-cv-00828-WFJ-AAS

**3M COMPANY**,
and **ARIZANT HEALTHCARE, INC.**,

    Defendants.
_____/

## ORDER

Before the Court are Defendants 3M Company and Arizant Healthcare, Inc.'s (collectively "3M" or "Defendants") Motion to Dismiss for Failure to Comply with Pretrial Order No. 23. Dkt. 122. Plaintiff has responded in opposition, Dkt. 124, and Defendants replied. Dkt. 127. Upon careful consideration, the Court grants Defendants' motion to dismiss the case without prejudice.[1]

## BACKGROUND

This case was transferred to this Court from the District of Minnesota as part of the larger MDL proceeding *In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL 15-2666-JNE (D. Minn. Apr. 19, 2016).[2]

---

[1] Plaintiff's counsel also filed a Motion for Extension of Time to File a Motion for Substitution. Dkt. 128. Because the Court grants Defendants' motion to dismiss, Plaintiff's motion for extension of time is denied as moot.
[2] Citations to the MDL Docket will appear as "ECF No. __." Citations to this Court's Docket will appear as "Dkt. __."

1

Plaintiff's case was transferred to the Middle District of Florida and assigned to the undersigned on April 1, 2024. Dkt. 10 at 8; *see* ECF No. 2428 at 8.

Before the transfer, the MDL court issued several Pretrial Orders between 2016 and 2018. *See* ECF No. 7; ECF. No. 1597. One of these orders is relevant to this matter—Pretrial Order No. 23: Substitution of Plaintiffs ("PTO 23"). *See* ECF No. 1039. This pretrial order from the MDL court expands on Federal Rule of Civil Procedure 25's requirements by setting strict directives on the filing of a motion for substitution and a "suggestion of death" notice. *Id.*

Importantly, PTO 23 warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)." *Id.* at 3. As it concerns the "suggestion of death" notice, PTO 23 requires plaintiff's counsel to file the notice within 90 days of either the entry of PTO 23 (January 8, 2018) or the death of the plaintiff, whichever is later. *Id.* at 1. The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death." *Id.* PTO 23 and Rule 25 both then require counsel to move for substitution within 90 days of the filing of the suggestion of death. *See id.*; Fed. R. Civ. P. 25(a). If no motion for substitution is filed within this 90-day period, the Court must dismiss the deceased plaintiff's action. *See* Fed. R. Civ. P. 25(a).

On June 4, 2025, Plaintiff Tina Robinson passed away. Dkt. 121. Based on the deadline listed in PTO 23, Plaintiff's counsel should have filed a suggestion of death notice within 90 days of June 4, 2025, which is September 2, 2025. *See* ECF No. 1039 at 1.[3] Plaintiff's counsel, however, never filed a notice, despite having informally learned of Ms. Robinson's death on August 22, 2025, after contacting Ms. Robinson's son. Dkt. 124 at 5; Dkt. 124-12.[4] Instead, a notice of suggestion of death was finally filed by Defendants on September 16, 2025, upon independently learning of Ms. Robinson's death. Dkt. 121. Defendants now move to dismiss Plaintiff's Complaint with prejudice for failure to comply with PTO 23. Dkt. 122.

## LEGAL STANDARD

As stated above, if no motion for substitution is filed within 90 days of the filing of the suggestion of death, the Court must dismiss the deceased plaintiff's action. *See* Fed. R. Civ. P. 25(a). Likewise, if a plaintiff fails to prosecute or comply with the other directives of PTO 23, the Court may dismiss the plaintiff's case. *See* Fed. R. Civ. P. 41(b). In the Eleventh Circuit, "a dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt

---

[3] Notably, during the 90-day period following Ms. Robinson's death, the Court entered an order on July 23, 2025, denying in part and granting in part Defendants' motion for summary judgment, and requesting proposed trial dates from the parties. *See* Dkt. 113; Dkt. 114.

[4] Nor did Plaintiff's counsel file a suggestion of death notice after receiving a picture of Ms. Robinson's death certificate from her son on September 3, 2025. Dkt. 124 at 6; Dkt. 124-13.

(contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (citation modified).

## DISCUSSION

Based on a careful review of the record, the Court grants Defendants' motion to dismiss. As discussed below, the Court finds PTO 23's requirement still binds the parties in this case and that Plaintiff counsel's failure to follow these requirements requires dismissal of this case without prejudice.

Plaintiff's main argument against dismissal is that PTO 23 "does not apply to remand cases." Dkt. 124 at 8. Pointing to language in PTO 23, Plaintiff argues that the pretrial order only applies to "the substitution of an individual as plaintiff in place of a Plaintiff who dies <u>before</u> his or her individual action is remanded." *Id.* (quoting ECF No. 1039 at 1). As such, Plaintiff asserts the MDL court "left the decision of how to manage cases where Plaintiffs died[,] after their cases were remanded[,] to the transferor Courts." *Id.* The Court disagrees, as the MDL court explicitly determined that Ms. Robinson's case was not "remanded" to this Court since it was directly filed in the Bair Hugger MDL.

The MDL court's order transferring this case expressly determined that "[t]he parties agree that the 28 cases *will not be remanded* under [28 U.S.C.] § 1407 because they were *directly filed* in the District of Minnesota. Accordingly, '[f]or the

4

convenience of the parties and witnesses, in the interest of justice,' the Court *transfers* the 28 cases to the districts where the plaintiffs would have filed suit absent the direct filing order." ECF No. 2428 at 6 (emphasis added). The MDL court's transfer order also vacated the "Suggestion of Remand," *id.* at 7, and incorporated a list of "Selected Orders" filed in the MDL that included PTO 23. ECF No. 2428-1 at 2. In other words, because this case was directly filed in the Bair Hugger MDL, it was subsequently transferred to this Court rather than remanded. *See Axline v. 3M Co.*, 8 F.4th 667, 671 n.2 (8th Cir. 2021) (citation omitted) ("Cases that are directly filed in an MDL court are treated as if they were transferred from a judicial district sitting in the state where the case originated.").

This distinction between remanded cases and transferred cases is critical, as PTO 23 plainly states that this pretrial order "shall apply to all individual personal injury Complaints filed by Plaintiffs and their counsel for actions relating to Bair Hugger Forced Air Warming Products that are *filed directly* in MDL No. 15-2666 (JNE/FLN)." ECF No. 1039 at 1 (emphasis added). As a direct-file case that was later transferred to this Court as a bellwether trial, Plaintiff and Defendants are still bound by the MDL's pretrial orders, including PTO 23. This conclusion should not be surprising, as this Court previously found that the MDL's pretrial orders still bind the parties. *See* Dkt. 49 at 2. Indeed, the Court's prior order explicitly stated that "courts presiding over bellwether trials should avoid upsetting the MDL court's

5

rulings" and examined whether Plaintiff could amend her complaint under PTOs 8 and 17. *Id.* at 6–7 (citing *Allain v. Sanofi-Aventis U.S. LLC*, 6:23-cv-992-CEM-RMN, 2024 WL 1641747, at *1 (M.D. Fla. Feb. 26, 2024)).

Because PTO 23 still binds the parties, a suggestion of death notice should have been filed within ninety days of Ms. Robinson's death, not within ninety days of when Plaintiff's counsel learns of the death. ECF No. 1039 at 1. This strict deadline is intended to ensure the timely progression of litigation and to prevent delays arising from counsel's lack of diligence or communication. Plaintiff's counsel, however, claims they were "not aware of the unfortunate and untimely passing of Ms. Robinson until August 22, 2025," and "did not receive any supporting evidence to confirm her death until September 3, 2025." Dkt. 124 at 7. But Plaintiff's counsel was well aware of PTO 23's 90-day filing requirement and should have had a procedure in place to ensure their client was alive. For example, to ensure compliance with PTO 23, "Plaintiff's counsel could have contacted their client every ninety days to confirm she remained alive." *Capone v. 3M Co., et al.*, 17-cv-5274, Dkt. 14, at 1–2 (D. Minn. Oct. 17, 2023) ("Counsel claims it was unable to timely file the Suggestion of Death because Plaintiff Capone's family did not inform them of her passing. . . . However, aware of PTO 23's ninety-day filing requirement, Plaintiff's counsel should have had a procedure in place to ensure their client's status."). While this Court is sympathetic to any ongoing issues with Ms. Robinson's

6

estate, Plaintiff's counsel should have apprised the Court of any communication issues and requested an extension after informally learning of Plaintiff's death on August 22, 2025. In short, Plaintiff counsel's lack of knowledge of Ms. Robinson's death does not excuse Plaintiff's counsel's failure to comply with PTO 23.

Next, Plaintiff asserts that Defendants' motion to dismiss is premature since Rule 25 states that a plaintiff has 90 days to substitute a party after the notice of death is filed with the Court. Dkt. 124 at 9. Because Defendants' suggestion of death was filed on September 16, 2025, Plaintiff's counsel argues that the deadline for substituting a party does not expire until December 15, 2025, and only after that date can Defendants file a motion to dismiss. *Id.* The Court disagrees.

Plaintiff's counsel overlooks the undisputed fact that they failed to comply with PTO 23's threshold requirement that a suggestion of death must be within 90 days of Ms. Robinson's death. ECF No. 1039 at 1. PTO 23 further warned that Defendants would be "*entitle[d] . . . to request a dismissal* of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)" if Plaintiff's counsel failed to comply with the suggestion of a death deadline. *Id.* at 3 (emphasis added). Moreover, Rule 41(b) permits a defendant to move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). As such, Defendants are well within their rights to file the instant motion to dismiss based on Plaintiff's failure to comply with PTO 23's requirements.

7

Finally, the Court must consider whether to dismiss the case with or without prejudice. "When a plaintiff fails to comply with a court order, a district court generally has discretion to dismiss the action under either the Federal Rules of Civil Procedure or its inherent authority to manage its docket." *Al Mheid v. Minchew*, No. 24-11930, 2025 WL 3034322, at *9 (11th Cir. Oct. 30, 2025) (citing *Betty K Agencies*, 432 F.3d at 1337). However, the Eleventh Circuit has "repeatedly cautioned that dismissal is a sanction of last resort, appropriate in only extreme circumstances." *In re Parrott*, 118 F.4th 1357, 1363 (11th Cir. 2024) (quotation marks omitted). "[A] dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1337–38 (quotation marks omitted).

Defendants argue dismissal should be with prejudice, as the MDL court has previously dismissed cases with prejudice for failure to comply with PTO 23, *see* ECF No. 2448 at 40, and Plaintiff counsel's failure to keep in contact with their client "deprived Defendants and the Court of information critical to case management and fair scheduling." Dkt. 127 at 7. Thus, Defendants contend that "[s]uch conduct disregards both ethical obligations and the purposes of pretrial orders, and it demonstrates a lack of candor that prejudices the efficient

8

administration of justice." *Id.* Plaintiff counsel points to Eleventh Circuit law concerning dismissal with prejudice and asserts "there is no evidence of contumacious conduct or a clear pattern of delay, despite Defendants' efforts to paint the circumstances that way." Dkt. 124 at 11.

Here, while PTO 23 does warn Plaintiff's counsel that their case could be dismissed "with prejudice in accordance with Fed. R. Civ. P. 25(a)," the Court finds that binding Eleventh Circuit case law applies over the MDL court's pretrial orders. ECF No. 1039 at 3. The Eleventh Circuit is clear that dismissal with prejudice is an "extreme sanction" that may only be imposed when Plaintiff's counsel engaged "in a clear pattern of delay or willful contempt" and "lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1337–38. Based on the timeline provided by Plaintiff's counsel concerning the attempts to contact Ms. Robinson following her death, Dkt. 124 at 3–6, the Court cannot say that counsel engaged in a pattern of delay or willful contempt. While Plaintiff's counsel should have been more proactive after informally learning about Ms. Robinson's death on August 22, 2025, there is no evidence that counsel's conduct—as they attempted to confirm Ms. Robinson's death and find her next of kin—rose to a contumacious level. Indeed, "[m]ere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Therefore, the Court dismisses this case without prejudice.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants' Motion to Dismiss for Failure to Comply with PTO 23, Dkt. 122, is **GRANTED.**

2. The Court **DISMISSES** this case **without prejudice** for failure to comply with PTO 23 under Federal Rules of Civil Procedure 25(a) and 41(b).

3. Plaintiff's Motion for Extension of Time to File a Motion for Substitution, Dkt. 128, is **DENIED as moot**.

4. The Clerk is **DIRECTED** to **TERMINATE** all pending deadlines and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on December 22, 2025.

                                              */s/ William F. Jung*
                                              **WILLIAM F. JUNG**
                                              **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record